UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X  Case No.:

LEOBARDO CASTRO,

                                  Plaintiff,        COMPLAINT

     -against-

A FODERA & SON INC. (d/b/a FODERA FOODS),        PLAINTIFF DEMANDS
                                                      A TRIAL BY JURY

                                Defendant.

---------------------------------------------------------------------X

    Plaintiff Leobardo Castro, by Plaintiff's attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

**Nature of the Case**

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the New York State Human Rights Law ("NYSHRL"); the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; New York State Executive Law § 296, *et seq.*; and the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code § 8-502(a), *et seq*. Plaintiff seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of Plaintiff's race, national origin, and disability ("asthma"), as well as being retaliated against for objecting to this discrimination.

**Jurisdiction and Venue**

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 12133, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

1

3. This Court has supplemental jurisdiction over Plaintiff's claims brought under state and municipal law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred therein.

**Procedural Prerequisites**

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue ("Notice") from the EEOC, dated ___7/6/22_____, with respect to the herein charges of discrimination. A copy of the Notice is annexed hereto as Exhibit A.

7. This Action is being commenced within ninety (90) days of receipt of said Notice.

8. Contemporaneously with the filing of this Complaint, Plaintiff mailed a copy of the Complaint to the New York City Commission on Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York ("Corporation Counsel") pursuant to the notice requirements of Section 8-502 of the New York City Administrative Code. A copy of the transmittal letter to the NYCCHR and the Corporation Counsel is annexed hereto as Exhibit B.

**Parties**

9. At all times material, Plaintiff was an employee of Defendants.

10. At all times material, Defendant A FODERA & SON INC. d/b/a FODERA FOODS ("FODERA FOODS") was a domestic business corporation operating in the State of New York.

11. At all times material, Defendant FODERA FOODS was Plaintiff's employer under Title VII, the ADA, the NYSHRL, and the NYCHRL.

12. Defendant FODERA FOODS had 15 or more employees for each working day during the relevant period.

**Material Facts**

13. Plaintiff is a resident of Queens County, New York.

14. In or around December 2012, Plaintiff began working for Defendants as a helper for a forklift operator.

15. Plaintiff worked for Defendants at their warehouse located at 129-02 Northern Blvd, Corona, New York 11368.

16. Plaintiff was and has been qualified for his position.

17. Plaintiff is Hispanic.

18. In approximately 2014, Plaintiff suffered an asthma attack in the warehouse, and was brought to the hospital by a co-worker after consulting with his supervisor.

19. Following the onset of Plaintiff's asthma, Plaintiff began to occasionally require sick leave in order to accommodate asthma attacks.

20. Starting in approximately 2014, Plaintiff's work environment began to be permeated with discrimination on account of his disability and national origin.

21. Specifically, Plaintiff's co-worker Mario Pineda ("Mr. Pineda") began harassing Plaintiff that he should quit his job because he should not be able to perform the job with asthma.

22. Mr. Pineda also began peppering the Plaintiff with racist insults, frequently stating that "Mexicans should go back to their country," "Mexican just come here to ruin everything,"

"Mexicans are pieces of shit," and expressing that Plaintiff should be fired for being a "lazy Mexican." These comments continued frequently for the span of years.

23. Although Plaintiff and others complained about Mr. Pineda's conduct to John Fodera Jr., no meaningful action was taken to address Mr. Pineda's conduct.

24. In January 2020, Plaintiff developed respiratory illness that Plaintiff suspected of being COVID, requiring sick leave.

25. In light of Plaintiff's illness and history of asthma, Plaintiff requested leave for three weeks in April 2020, which was granted.

26. In approximately late April 2020, Plaintiff returned to work.

27. In September 2020, Plaintiff gave his two weeks notice for the position due to a family emergency.

28. In April 2021, requiring work, Plaintiff was re-hired by phone by his former manager Javier Flores ("Mr. Flores") and informed he should report to work the next day.

29. When Plaintiff reported to work, he was confronted by Mr. Pineda, who stated that Plaintiff better not be returning to the company and better not be getting the morning shift, which Mr. Pineda had.

30. Mr. Pineda continued that Mr. Pineda should leave the warehouse, escorting Plaintiff out of the warehouse and stating that he would not allow Plaintiff into the warehouse without talking to a supervisor.

31. After a supervisor arrived, Plaintiff was allowed into the warehouse when "RJ," a supervisor at the business, arrived, at which point the three had a meeting in the warehouse office.

32. At the meeting, Mr. Pineda stated that he "didn't want to deal with Plaintiff's excuses" about asthma. Mr. Pineda then burst out of the meeting and slammed the door. After this meeting, Plaintiff was instructed to "stay calm" and begin working.

33. In approximately July 2021, Mr. Pineda described Plaintiff as a "lowlife Mexican" and stated that Mexicans do not belong in this country.

34. Plaintiff called RJ to complain about the racist harassment, at which time Plaintiff was informed he would be moved from the morning to the afternoon shift. Plaintiff also spoke to Mr. Flores to complain by phone of the racist harassment.

35. Later that same day, however, Plaintiff received a call from Mr. Flores informing Plaintiff that he was terminated. Mr. Flores informed Plaintiff that this was a result of a meeting between Mr. Pineda, John Fodera Jr., and himself.

36. Defendants knew or should have known of the discriminatory conduct that occurred and failed to take corrective measures within their control.

37. Plaintiff was repulsed, offended, disturbed, humiliated, and disgusted by this blatantly unlawful and retaliatory termination.

38. Defendants retaliated against Plaintiff because Plaintiff objected to Mr. Pineda's discriminatory and unlawful conduct.

39. Defendants created a hostile work environment which unreasonably interfered with Plaintiff's ability to perform Plaintiff's job.

40. The above are just some of the ways Plaintiff was regularly and continually harassed, discriminated against, and retaliated against while employed by Defendant.

41. Defendants treated Plaintiff this way due to Plaintiff's race.

42. Defendants treated Plaintiff this way because of Plaintiff's disability.

43. Defendants acted intentionally and intended to harm Plaintiff.

44. Defendants unlawfully discriminated against, retaliated against, humiliated, degraded, and belittled Plaintiff. As a result, Plaintiff suffers loss of rights, emotional distress, and loss of income.

45. Plaintiff's performance was, upon information and belief, above average while working for Defendants.

46. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, the loss of a salary, loss of bonus, loss of benefits, other compensation which such employment entails, special damages, and great inconvenience.

47. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

48. Defendants acted maliciously, willfully, outrageously, and with full knowledge of the law.

49. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

**First Cause of Action for Discrimination
Under Title VII**

50. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

51. Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. § 2000e–2(a), titled "employer practices," provides that:

> It shall be an unlawful employment practice for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any

individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

52. Defendant FODERA FOODS violated the sections cited herein as set forth.

### Second Cause of Action for Discrimination
### Under the New York State Executive Law

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

54. New York State Executive Law § 296(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

55. Defendant violated the section cited herein as set forth.

### Third Cause of Action for Retaliation
### Under the New York State Executive Law
### (Against all Defendants)

56. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

58. Defendant violated the section cited herein as set forth.

**Fourth Cause of Action for Race, Color, and Disability Discrimination
Under the New York City Administrative Code**

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. The New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

61. Defendants violated the section cited herein as set forth.

**Fifth Cause of Action for Retaliation
Under the New York City Administrative Code
(Against all Defendants)**

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter."

64. Defendants violated the section cited herein as set forth.

**Jury Demand**

65. Plaintiff requests a jury trial on all issues to be tried.

**Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

   A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL in that Defendants discriminated against

Plaintiff based on Plaintiff's race and disability, and retaliated against Plaintiff for complaining of discrimination;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and conduct and to otherwise make Plaintiff whole for any losses suffered because of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
July 11, 2022

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**

By: _____/s/Shawn Clark_____
Shawn Clark
*Attorneys for Plaintiff*
45 Broadway, Suite 430
New York, New York 10006
(212) 248-7431
slcark@tpglaws.com

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

# DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**Issued On: 07/06/2022**
Charge No: 520-2022-04406

**To:** Leobardo Castro
C/O Phillips & Associates
45 Broadway Suite 430
New York, NY 10006

EEOC Representative and email: Christiana Doriety, Federal Investigator
christiana.doriety@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2022-04406.

On behalf of the Commission,

Digitally Signed By: Judy Keenan
07/06/2022

Judy Keenan,
District Director

**Cc:**
Anthony Fodera
tony@foderafoods.com

Shawn Clark
quancatlin93@gmail.com

*Please retain this notice for your records.*

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 520-2022-04406 to the District Director at Judy Keenan, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

Enclosure with EEOC Notice of Closure and Rights (01/22)

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# EXHIBIT B



*Attorneys at Law*
45 B‍ROADWAY, S‍UITE 430, N‍EW Y‍ORK, N‍EW Y‍ORK  10006
T‍EL: (212) 248-7431 F‍AX: (212) 901-2107
WWW.NYCEMPLOYMENTATTORNEY.COM
*A P‍ROFESSIONAL L‍IMITED L‍IABILITY C‍OMPANY*

July 11, 2022

**Via U.S. Mail, Certified, Return Receipt Requested**
Annabel Palma, Chair
New York City Commission on Human Rights
22 Reade Street, 3rd Floor
New York, New York 10007

**Via Email (ServiceECF@law.nyc.gov)**
Hon. Georgia M. Pestana
Acting Corporation Counsel of the City of New York
New York City Law Department
100 Church Street
New York, NY 10007

Re: <u>Leobardo Castro v. A Fodera & Son Inc. (d/b/a Fodera Foods)</u>

Greetings:

Pursuant to the notice requirements of Section 8-502 of the New York City Administrative Code, please find enclosed copies of the Complaint in the above-referenced action, which were filed today in the United States District Court for the Eastern District of New York.

Respectfully submitted,

*Shawn Clark*

Shawn R. Clark, Esq.